IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:08CR465 |
| vs. | ) | |
| | ) | **PRELIMINARY ORDER** |
| ROBERT THUROW, | ) | **OF FORFEITURE** |
| | ) | |
| Defendant. | ) | |

NOW ON THIS 11th day of March, 2009, this matter comes on before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture. The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1.  The Defendant has entered into a Plea Agreement, whereby he has agreed to plead guilty to Counts I through IV of said Information. Count I charges the Defendant with one count of manufacturing marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1)&(b)(1). Count II charges the Defendant with one count of being an unlawful user of a controlled substance in possession of firearms and ammunition. Count III of said Information sought the forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of a Remington 12 gauge shotgun, Serial# W666349M; a Savage 270 caliber rifle, Serial# F431148; a Mac 90 7.62x39 rifle, Serial# 3861649; a Remington Model 700 308 caliber Winchester, Serial# 6272507; an Intratec Tec 9 9mm pistol, Serial# 078619; a Bushmaster M4 223 caliber rifle, Serial# L204172; a Smith and Wesson, Model 57 41 mag, Serial# N877182; a Berretta Model 92FS, 9mm pistol, Serial# BER134967; a Remington Model 550-1 22 automatic rifle; a Harrington and Richardson single shot 20 gauge shotgun, Serial# AN202989; a Marlin Model 336CS 30-30 caliber rifle, Serial# 11007836; 4,615 rounds of ammunition, and a Norinco Model MAK-90, 7.62X39mm caliber rifle, on the basis they were firearms involved or used in the knowing commission of the offense charged in Count II. Count IV of said Information sought the forfeiture,

pursuant to 21 U.S.C., § 853, of $17,100.00 in United States currency on the basis it was used or was intended to be used to facilitate said controlled substance violation and/or was derived from proceeds obtained directly or indirectly as a result of the commission of said controlled substance violation.

2.  By virtue of said plea of guilty, the Defendant forfeits his interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C., § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

3.  The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A.  The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

B.  Based upon Counts III and IV of the Information and the Defendant's plea of guilty, the United States is hereby authorized to seize the $17,100.00 in United States currency, a Remington 12 gauge shotgun, Serial# W666349M; a Savage 270 caliber rifle, Serial# F431148; a Mac 90 7.62x39 rifle, Serial# 3861649; a Remington Model 700 308 caliber Winchester, Serial# 6272507; an Intratec Tec 9 9mm pistol, Serial# 078619; a Bushmaster M4 223 caliber rifle, Serial# L204172; a Smith and Wesson, Model 57 41 mag, Serial# N877182; a Berretta Model 92FS, 9mm pistol, Serial# BER134967; a Remington Model 550-1 22 automatic rifle; a Harrington and Richardson single shot 20 gauge shotgun, Serial# AN202989; a Marlin Model 336CS 30-30 caliber rifle, Serial# 11007836; 4,615 rounds of ammunition, and a Norinco Model MAK-90, 7.62X39mm caliber rifle.

C.  The Defendant's interest in said properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C., § 853(n)(1).

D. The aforementioned forfeited properties are to be held by the United States in its secure custody and control.

E.  Pursuant to 21 U.S.C., § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official Government internet site (www.forfeiture.gov) notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C., § 853(n), in which all interests will be addressed.

ORDERED this 11th day of March, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
**JOSEPH F. BATAILLON, CHIEF JUDGE**
**United States District Court**

3